IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DAVID WASHINGTON SPIKES
and NTERNET SOLUTIONS, LLC                          PLAINTIFFS


V.                                                  CIVIL LITIGATION NO.
                                                    2:07-CV-22-MPM-SAA


BOLIVAR COUNTY, MISSISSIPPI, ET AL                  DEFENDANTS

ORDER

      Plaintiffs Washington and Nternet Solutions, LLC seek [docket no. 137] seek an order striking defendant James McBride's responses to plaintiffs' Requests for Admissions and awarding the plaintiff reasonable attorneys' fees incurred in pursuing the motion to strike. Defendant argues that plaintiffs' request for admissions were filed in violation of Rule 26(d) of the Federal Rules of Civil Procedure because the discovery requests were propounded before the case management conference on June 20, 2007, and were thus premature, meaning defendant was under no obligation to respond to the discovery requests made in violation of the Rule[1] If the court finds that the requests are admitted under Rule 36(a), defendant requests the court to allow the defendant to amend or withdraw those admissions in accordance with Rule 36(b).

      The plaintiffs served discovery requests in issue on May 9, 2007. The plaintiffs received no response from the defendant to the requests and filed a motion to compel [docket no. 118] production with the court. The defendant did not respond to the plaintiffs' motion to compel; this is the first time the court has been called upon to address whether the May 9, 2007 requests of were improper under Rule 26. After entry of the court's order defendant provided his

---

[1]*See Estelle v. FMC Technologies*, 2007 WL 3231542 (E.D. La. 2007).

1

Answers to Interrogatories, Responses to Requests for Production of Documents as required by the court order along with responses to the Request for Admission. Plaintiffs then filed the motion to strike the defendant's response to the Requests for Admissions on grounds those matters had been admitted under Rule 36(a)(3). At no time prior to plaintiffs' motion to strike the defendant's admissions did the defendant request the court to grant him permission to withdraw or amend his admissions.

> Under Rule 26:
>
> (d)(1) Timing. A party may not seek discovery from any source before the parities have conferred as required by RULE 26(f).....
>
> ...(f)(1)Conference Timing. Except in a proceeding exempted from initial disclosure under RULE 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference to be held or a scheduling order is due under Rule 16(b).

As directed in the court's April 24, 2007 Rule 16.1[2] order [docket no. 29], the parties held a Rule 26(f) conference on May 4, 2007. Consequently, following the meeting that occurred on May 4, 2007, both parties were permitted to seek discovery from the other party in accordance with Rule 26(d)(1), and plaintiffs' Requests for Admissions were not premature under the Rules.

Rule 36 serves two important purposes, both of which are designed to reduce trial time. "Admissions are sought to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly to narrow the issues by eliminating those that can be." *See* Advisory Committee's Note, 48 F.R.D. 487, 531-32 (1970). The Rule is quite clear on the issue of failure to respond to requests for admissions:

---

[2] *See* RULE 16.1 (a) of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI.

> (a) (1) Scope. A party may serve upon any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.
>
> . . . (3) Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.
>
> (b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on its merits.

In order for Rule 36 to be effective, litigants must be able to rely on the fact that any matter admitted will not be subject to challenge at a later date. *In re Carney*, 258 F.3d 415, 418, (5th Cir. 2001).

By operation of Rule 36(a)(3) defendant's failure to answer plaintiffs' Requests for Admissions within thirty days resulted in the matters contained therein being admitted. "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to evidentiary admission of a party." *See* Advisory Committee's Note, 48 F.R.D. 487, 534 (1970).

Defendant's responses to the Requests for Admissions were due on June 11, 2007, but he did not respond until February 11, 2008 – only after the court granted plaintiffs' motion to compel.[3] The defendant's failure to respond to the Requests for Admissions within thirty days resulted in the matters contained therein to be admitted by default.

---

[3] The order compelling response to interrogatories and requests for production did not address the Requests for Admission because, as noted in plaintiffs' motion to compel, the plaintiffs deemed those requests admitted even then by operation of the Rule. [Docket # 118 n. 1]

The court has the authority to allow a party to withdraw or amend his admissions when the moving party satisfies the two factors contained in Rule 36. *Le v. Cheesecake Factory Restaurants, Inc.*, 2007 WL 715260 at *2 (5th Cir. 2007 )( citing *American Auto Ass'n (Inc.) v. AAA Legal Clinic*, 930 F.2d 1117, 1119, (5th Cir. 1991)). The court may permit withdrawal or amendment if it would 1) promote the presentation of the merits of the case; but 2) would not prejudice the party that obtained the admissions in the presentation of the case. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 1991). Even if the two-factor test has been satisfied, however, the court retains the discretion to deny a request to withdraw or amend an admission. *Le*, 2007 WL 715260, at *2 (citing to *Carney*, 258 F.3d at 419.)

In determining whether the merits of the case will be promoted following a withdrawal or amendment of an admission, the court may look to whether the merits of the case will be eliminated by the withdrawal. If withdrawal of the admissions will effectively eliminate any presentation on the merits, the court may also consider whether the merits of the case may be served by presenting evidence in the record that is contrary to the record or that the admission is no longer true because of a changed circumstance or through an honest error. *Le*, 2007 WL 715260, at *2. In the 5th Circuit, it is within the court's discretion to consider the fault of the party seeking withdrawal or amendment of the admissions or the party's diligence in seeking such relief. *Id.*

The second prong of the of Rule 36(b) test relates to special difficulties a party may face by a sudden need to obtain evidence upon the withdrawal or amendment of an admission. *American Auto.*, 930 F.2d at 1120. Other circuits have held that increased expenses or the need to prove matters admitted does not constitute prejudice. *Le* at *3. Courts have, however, considered the timing of the motion to withdraw as it relates to the diligence of the party seeking withdrawal

4

and the remaining time for additional discovery before trial. *Id.*

In this instance, the defendant requests the court's permission to withdraw or amend the admissions, presumably with the responses that were provided to the plaintiffs two hundred forty-five (245) days after the responses were due under Rule 36(a)(3). Failure to respond to the Requests for Admissions within thirty days resulted in those matters being deemed admitted. Further, the request comes not on the defendant's own volition, but only in response to plaintiffs' motion to strike the untimely answers that were provided to plaintiffs only after the court ordered the defendant to produce certain discovery documents.

Defendant argues that inconsistences between his deposition and the admissions are sufficient to demonstrate that the merits of the case will be promoted by the withdrawal or amendment of the admissions. The deemed admissions are comparable to an admission in pleadings or a stipulation drafted by defendant's counsel, which in this instance may be contrary to deposition testimony. The evidence may be contrary to the admissions, but it is for the trier of fact to determine whether the evidence supports the elements of the case at issue. Merely asserting that the evidence is contrary to the admissions does not demonstrate that the merits of the case will be promoted by allowing withdrawal or amendment of the admissions.

Allowing the defendant to withdraw or amend his admissions will prejudice the plaintiffs in this instance. Rule 36's purpose is to promote trial efficiency by allowing the party obtaining the admissions to narrow the issues and focus discovery on the issues effectively identified by the admissions. The trial is set for September 8, 2008. Plaintiffs relied on the admissions in conducting discovery and, if the defendant were allowed to withdraw or amend his admissions at this late stage, would be prejudice the plaintiffs in presenting the case on the merits.[4] Further,

---

[4], The discovery deadline for this case was May 1, 2008.

even though the defendant argued that the admissions were not answered because they were improperly propounded on him, at no time did the defendant or his counsel come to the court asking for clarification or relief on the matter of proper timing of the discovery. The court considers the defendant's lack of diligence in pursuing the court's permission to withdraw or amend the admissions to be detrimental to his request and that allowing such an action at this late point in the proceedings would be prejudicial.

Accordingly, it is ORDERED

1. That plaintiffs''s motion to strike defendant Mc Bride's admissions is **GRANTED**;

2. Defendant's request to amend or withdraw his admissions is **DENIED**; and

3. Counsel for the defendant, not the defendant himself, shall pay the plaintiffs' expenses, including reasonable attorneys' fees, incurred in preparation of the plaintiffs' motion to strike the defendant's responses to requests for admissions and their responses to the defendant's motion to withdraw. Counsel for the plaintiffs shall submit an itemization of all reasonable expenses, including attorneys' fees, incurred in connection with the motions within ten (10) days of the date of this order. The defendant's counsel may file objections to this itemization within twenty (20) days of the date of this order. If no objections are filed, the itemization of fees and expenses will be deemed reasonable, and counsel for the defendant shall tender to plaintiffs an amount equal to their total costs within thirty (30) days of this order.

THIS, the 8th day of July, 2008.

__/s/ S. ALLAN ALEXANDER_____
U.S. MAGISTRATE JUDGE