# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DAVID WASHINGTON SPIKES, et al.**                                                  **PLAINTIFFS**

**v.**                                            **CAUSE NO.: 2:07CV22-SA**

**BOLIVAR COUNTY, MISSISSIPPI**                                              **DEFENDANTS**

## ORDER DENYING PARTIAL SUMMARY JUDGMENT

This cause comes on for consideration on [125] Partial Summary Judgment filed by Western Surety Company ("Western Surety" or "Cross-Claimant") against Eddie Andrew Williams, III ("Williams" or "Cross-Defendant"). The Court finds as follows:

*BACKGROUND*

Cross-Defendant was elected supervisor of Bolivar County, Mississippi. As required by law, the Cross-Defendant provided a Public Official Bond in the amount of $100,000, which was issued by Cross-Claimant as surety for the Cross-Defendant. Pursuant to the Public Official Bond Application, Cross-Defendant agreed "to completely indemnify [Western Surety] from and against any liability, loss, costs, attorney's fees and expenses whatsoever which [Western Surety] shall at any time sustain as surety by reason of having been surety on this or any other bond issued for applicant." The Plaintiffs, David Washington Spikes and Nternet Solutions, LLC, filed a complaint to recover damages against the Cross-Defendant, the Cross-Claimant, and others. Subsequently, the Cross-Claimant filed a Cross-claim against the Cross-Defendant asserting indemnification pursuant to the bond.

On July 17, 2008, Plaintiffs settled its claims with Defendant Williams and others. To the Court's knowledge, the Cross-Claimant did not pay on the bond; however, the Cross-Claimant asserts that it incurred costs, expenses, and attorneys' fees. On February 4, 2008, the Cross-

Claimant filed this Motion for Partial Summary Judgment seeking costs, expenses, and attorneys' fees in relation to defending the underlying action.[1]

*DISCUSSION*

The Court finds that the Motion for Partial Summary Judgment is **DENIED**. The Court relies on Jackson v. Hollowell, 685 F.2d 961 (5th. Cir. 1982), in support that these claims are not proper at the summary judgment stage. "[I]t is everywhere recognized that the indemnitee must act in good faith." Id. at 965. "Whether it was necessary for a surety company to retain separate counsel, and whether the surety has acted in good faith, are questions of fact." Id. at 966. Moreover, in order for attorney's fees to be recoverable, they must be reasonable, proper, necessary and incurred in good faith and with due diligence. Id. (citing USF&G v. Love, 538 S.W.2d. 558, 559 (Ark. 1976)). In Jackson, the parties stipulated that the attorneys' fees were reasonable; nevertheless, the Court reversed summary judgment and remanded it back to the district court to determine whether the sureties acted in good faith, and whether it was necessary to retain separate counsel.

In the case *sub judice*, the Cross-Claimants urge that since the Cross-Defendants have failed to bring forth evidence that the fees were not reasonable, proper, necessary and in good faith, that partial summary judgment should be granted. This belief is misguided. The Court does not have before it any stipulations, nor does it even have an affidavit of attorneys' fees in which to determine whether or not said fees are reasonable, proper, necessary, and in good faith. Notably, the Fifth Circuit Court of Appeals in Jackson clearly held that unless stipulated, these requisites are issues of fact not to be determined at summary judgment stage.

Thus, the Cross-Claimant's Motion for Summary Judgment is **DENIED**.

---

[1] The portion of the motion seeking reimbursement for any judgment paid out in the future is essentially mooted by the settlement.

So **ORDERED**, this the 31st day of July, 2008.

**/s/ Sharion Aycock**
**U.S. DISTRICT COURT JUDGE**