IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DAVID WASHINGTON SPIKES and
NTERNET SOLUTIONS, LLC                                    PLAINTIFFS

V.                                                         CIVIL ACTION NO.
                                                           2:07-CV-22-M-A

BOLIVAR COUNTY, MISSISSIPPI,
for federal law violations, ADRIAN L. BROWN,
EDDIE ANDREW WILLIAMS III, DONNY
WHITTEN, RICHARD COLEMAN, SR.,
BERN PREWITT, JAMES MCBRIDE,
for state law violations, and WESTERN SURETY
COMPANY, BRIERFIELD INSURANCE
COMPANY, UNION INSURANCE COMPANY
and UNITED STATES FIDELITY AND
GUARANTY COMPANY, being the bonding
companies for the individual defendants                    DEFENDANTS

## ORDER

Defendant Adrian L. Brown requests the court to set aside the entry of default [docket no. 190] that was entered by the clerk of the court on November 6, 2007. Defendant Brown is a *pro se* defendant in the above styled case. Defendant United States Fidelity and Guaranty Company ("USF&G") asserts that it properly served Mr. Brown with its crossclaim against him and that the entry of default was proper.

The plaintiffs entered into various contracts with Bolivar County for computer services, which were subsequently terminated. Following the terminations, there were allegations concerning the solicitation and receipt of kickbacks in connection with the plaintiff's contracts with Bolivar County. As a result of the investigations into the kickbacks, Mr. Brown, a member of the Bolivar County Board of Supervisors, was indicted, pled guilty and is currently incarcerated at the federal prison in Montgomery, Alabama. While serving in his capacity on the Bolivar County Board of Supervisors, USF&G issued a Public Official Bond naming Adrian

Brown as a Principal. When USF&G filed its answer to the plaintiff's complaint on July 3, 2007, USF&G also stated a crossclaim against Brown. USF&G mailed a copy of its answer and crossclaim to Brown at his last known address, and when that was returned undeliverable, USF&G mailed it, on July 9, 2007, to a mailing address that Brown had used on other correspondence. Brown did answer plaintiff's amended complaint on July 9, 2007 [docket no. 76], but failed to answer USF&G's crossclaim. On September 18, 2007, Brown sent notice to the attorneys of record in the above styled case that he would be incarcerated on September 24, 2007 at the Federal Prison Camp Montgomery, Montgomery, Alabama and requested that correspondence be sent to him there. (*See* Exhibit A, docket no. 190). USF&G petitioned the court for entry of default on November 2, 2007 [docket no. 109], which was entered on November 6, 2007 [docket no. 110] as required by RULE 55(a) of the Federal Rules of Civil Procedure.

Default judgments or entries of default are useful tools for the efficient administration of justice. Default judgments are, however, disfavored as there is a clear preference for the case to be decided on its merits. *Roberts v. Keith*, 2007 WL 2712853, 2 (S.D.N.Y. 2007) (internal citations omitted). A court may set aside an entry of default upon a showing of good cause. *Segars v. Hagerman*, 99 F.R.D. 274, 276 (D.C. Miss. 1983). In determining good cause to set aside an entry of default the court balances whether: 1) the default was willful, 2) the set-aside would be prejudicial to the non-moving party, and 3) the alleged defense is meritorious. *Biton v. Palestinian Interim Self Government Authority, et al*, 233 F.Supp.2d 31, 33 (D.D.C. 2002). The purpose of Rule 55 is for the protection of those parties who have evidenced a clear intent to defend the suit. *Segars*, 99 F.R.D. at 276.

In petitioning the court to set aside the entry of default, Brown demonstrates the rationale behind the court's general principle to afford *pro se* litigants a certain amount of latitude in their dealings with the court. As counsel for USF&G correctly stated to the court, service of a cross-claim after the initial complaint is governed by Rule 5, not Rule 4 as Brown contends. Further, Brown requests relief pursuant to Rule 60(b)(3) and 60(d)(2), when it would be more appropriate for Brown to request relief under Rule 55(c). Brown's misapplication of the Federal Rules of Civil Procedure demonstrates the hazards that the *pro se* litigant faces in proceeding without the assistance of legal counsel. By answering the initial complaint, providing a forwarding address to counsel and requesting case related documents be sent to him in prison and filing his motion to set aside, Brown has amply demonstrated his desire to defend himself. Thus, his failure to respond to the USF&G crossclaim does not appear to be willful. In addition, setting aside the entry of default will not substantially prejudice USF&G, as the case will still be evaluated on the merits even if the entry of default is set aside. Finally, the court has a preference for a case to adjudicated on its merits rather than by an entry of default or a default judgement. For these reasons it is ORDERED

That the defendant's motion to set aside entry of default is GRANTED

This the 1ST day of August, 2008.

                 /s/ S. ALLAN ALEXANDER
                 U.S. MAGISTRATE JUDGE