IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DAVID WASHINGTON SPIKES and
NTERNET SOLUTIONS, LLC                                              PLAINTIFFS

V.                                                                  CIVIL ACTION NO.
                                                                    2:07-CV-22-M-A
BOLIVAR COUNTY, MISSISSIPPI,
for federal law violations, ADRIAN L. BROWN,
EDDIE ANDREW WILLIAMS III, DONNY
WHITTEN, RICHARD COLEMAN, SR.,
BERN PREWITT, JAMES MCBRIDE,
for state law violations, and WESTERN SURETY
COMPANY, BRIERFIELD INSURANCE
COMPANY, UNION INSURANCE COMPANY
and UNITED STATES FIDELITY AND
GUARANTY COMPANY, being the bonding
companies for the individual defendants                             DEFENDANTS


REPORT & RECOMMENDATION

This case was noticed on January 29, 2008, for a Final Pretrial Conference to be held in the chambers of the undersigned at 11:00 a.m. on August 4, 2008. During the course of this case, Adrian L. Brown has represented himself *pro se*. In a matter that is directly related to this case, Brown was indicted and pled guilty of federal law violations and is currently incarcerated in Montgomery, Alabama.

When USF&G filed its answer to the plaintiff Spikes' complaint on July 3, 2007, USF&G also stated a crossclaim against Brown. USF&G mailed a copy of its answer and crossclaim to Brown at his last known address, and when that was returned undeliverable, USF&G mailed it, on July 9, 2007, to a mailing address that Brown had used on other correspondence. Brown did answer plaintiff's amended complaint on July 9, 2007 [docket no. 76], but failed to answer USF&G's crossclaim. On September 18, 2007, Brown sent notice to the

attorneys of record in the above styled case that he would be incarcerated on September 24, 2007 at the Federal Prison Camp Montgomery, Montgomery, Alabama and requested that correspondence be sent to him there. (*See* Exhibit A, docket no. 190).   USF&G petitioned the court for entry of default on November 2, 2007 [docket no. 109], which was entered on November 6, 2007 [docket no. 110]. Notice of the entry of default was sent to the last known address that Brown had provided to the clerk of the court, which was in Indianola, Mississippi and not the Federal Prison Camp in Montgomery, Alabama where Brown has been incarcerated in September, 2007.  On June 23, 2008, Brown requested the court set aside the entry of default; the court did so on August 1, 2008 [docket no. 210].

Counsel for USF&G, Ellie B. Word, sent Brown a proposed pretrial order via Federal Express on July 31, 2008.  The proposed pretrial order was completed by each of the cross-plaintiffs, and the cover letter requested that Brown complete the applicable sections and return the pretrial order as soon as possible. By Federal Express receipt,  Word confirmed the delivery of the proposed pretrial order at the Federal Prison Camp- Montgomery, Montgomery, Alabama.

When the case was called for the Final Pretrial Conference, Brown had failed to submit his version of the final pretrial order.  Moreover, neither Word, counsel for the other parties in this matter nor the court have had any oral or written communication from Brown regarding the Final Pretrial Conference.

In light of Brown's failure either to submit a proposed pretrial order or to otherwise communicate with the court or counsel for the other parties to this matter, the undersigned respectfully recommends that a default judgment be entered against Brown.

The parties are referred to 28 U.S.C. §636(B)(1)(b) and FED.R.CIV.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and a "party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served withe a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court....." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

Respectfully submitted, this, the 5th day of August, 2008.

/s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE