**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**DAVID WASHINGTON SPIKES, et al.**                                        **PLAINTIFFS**

**v.**                                              **CAUSE NO.: 2:07CV22-SA-SAA**

**BOLIVAR COUNTY, MISSISSIPPI, et al.**                                      **DEFENDANTS**

<u>**ORDER DENYING SUMMARY JUDGMENT IN PART**</u>

This cause comes on for consideration on [135] Summary Judgment filed by United States Fidelity and Guaranty Company ("USF&G") against Adrian Brown ("Brown"). The Court finds as follows:

*BACKGROUND*

Brown was elected supervisor of Bolivar County, Mississippi. As a result of an FBI investigation, Brown was indicted and pled guilty to solicitation and acceptance of a bribe by a public official. He is currently serving his sentence in the federal penitentiary. Previously, as required by law, Brown provided a Public Official Bond in the amount of $100,000, which was issued by USF&G as surety for Brown. Pursuant to the Public Official Bond Application, Brown agreed to:

> [i]ndemnify [USF&G] against all loss, damages, claims, suits, costs and expenses whatever, [sic] including court costs and counsel fees at law or in equity, or liability therefore, which [USF&G] may sustain or incur by reason of: executing or procuring said bond, or making any investigation on account of same, or procuring its release or evidence thereof from same, or defending, prosecuting or settling any claim, suit or other proceedings

The Plaintiffs, David Washington Spikes and Nternet Solutions, LLC, filed a complaint to recover damages against the Bolivar County, Adrian Brown, USF&G as surety, and others. Subsequently, USF&G filed a cross-claim against Brown asserting indemnification pursuant to the bond.

Plaintiffs settled its claim against USF&G on behalf of Adrian Brown. On July 17, 2008, Plaintiff, Nternet Solutions, LLC, and David Washington Spikes settled its claims with the remaining Defendants. On February 14, 2008, USF&G filed this Motion for Summary Judgment seeking reimbursement of settlement, costs, expenses, and attorneys' fees in relation to defending the underlying action.

## COSTS, EXPENSES, AND ATTORNEYS' FEES

The Court finds that the Motion for Summary Judgment is DENIED in part as to the costs, expenses, and attorneys' fees. The Court relies on Jackson v. Hollowell, 685 F.2d 961 (5th. Cir. 1982), in support that these claims are not proper at the summary judgment stage. "[I]t is everywhere recognized that the indemnitee must act in good faith." Id. at 965. "Whether it was necessary for a surety company to retain separate counsel, and whether the surety has acted in good faith, are questions of fact." Id. at 966. Moreover, in order for attorney's fees to be recoverable, they must be reasonable, proper, necessary and incurred in good faith and with due diligence. Id. (citing USF&G v. Love, 538 S.W.2d. 558, 559 (Ark. 1976)). In Jackson, the parties stipulated that the attorneys' fees were reasonable; nevertheless, the Court reversed summary judgment and remanded it back to the district court to determine whether the sureties acted in good faith, and whether it was necessary to retain separate counsel.

The Court does not have before it any stipulations, nor does it even have an affidavit of attorneys' fees from which to determine whether said fees are reasonable, proper, necessary, and in good faith. Notably, the Fifth Circuit Court of Appeals in Jackson clearly held that unless stipulated, these requisites are issues of fact not to be determined at summary judgment stage.

## *SETTLEMENT REIMBURSEMENT*

Mississippi law states that "the official bond of a public officer is a contract which the law requires him to execute, by which he and his sureties covenant and agree that he will faithfully discharge all of the duties of his office, which contract is breached by the failure of the officer to discharge any of his official duties."  State v. Smith, 125 So. 825 (Miss. 1930) (citations omitted).

As to USF&G's payment of settlement amount on behalf of Adrian Brown, the Court requires Adrian Brown to respond to this Order and the Order To Show Cause, dated August 18, 2008, explaining why he should not be required to reimburse USF&G for the amount in which they paid on his behalf.

The Court notes that the Motion also states that in the alternative, Plaintiff moves for Motion for Renewed Default Judgment. This portion has been addressed by Report and Recommendation [211] and will be evaluated in this Court's order addressing the report and recommendation. Thus, for purposes of the summary judgment, this portion is **DENIED** as well.

Thus, USF&G's Motion for Summary Judgment is **DENIED** in part.

So **ORDERED**, this the 13th day of August, 2008.

                                        **/s/ Sharion Aycock**_____
                                        **U.S. DISTRICT COURT JUDGE**