# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DAVID WASHINGTON SPIKES, et al.**                                      **PLAINTIFFS**

**v.**                                                                     **CAUSE NO.: 2:07CV22-SA-SAA**

**BOLIVAR COUNTY, MISSISSIPPI, et al.**                                  **DEFENDANTS**

## ORDER DENYING REPORT AND RECOMMENDATION, MOTION TO EXTEND MOTION AND DISCOVERY DEADLINES, AND MOTION TO BIFURCATION TRIAL

The Court will consider the following motions: Report and Recommendation [211], Cross-Defendant Adrian Brown's Motion to Extend Motion and Discovery Deadlines [213], and Brown's Motion for Bifurcation of Trial [214]. The Court finds as follows:

The Plaintiffs, David Washington Spikes and Nternet Solutions, LLC, filed a complaint to recover damages against Bolivar County, Adrian Brown, USF&G as surety, and others. Subsequently, USF&G filed a cross-claim against Adrian Brown asserting indemnification pursuant to the bond.

Plaintiffs settled its claim against USF&G on behalf of Adrian Brown. On July 17, 2008, Plaintiff, Nternet Solutions, LLC, and David Washington Spikes settled its claims with the remaining Defendants. On February 14, 2008, USF&G filed a Motion for Partial Summary Judgment seeking reimbursement of settlement, costs, expenses, and attorneys' fees in relation to defending the underlying action.

Previously, on November 6, 2007, the clerk filed an entry of default against Adrian Brown. On June 23, 2008, Brown requested the court to set aside the entry of default. On August 1, 2008, the magistrate judge set aside the entry of default. On August 5, 2008, the magistrate judge filed the aforementioned Report and Recommendation [211]. The report recommended that default judgment be entered against Adrian Brown for failure to comply with

pretrial procedures, i.e. failing to either submit a proposed pretrial order or otherwise communicate with court or counsel for the other parties in this matter.

However, on August 6, 2008, Adrian Brown filed a Motion to Extend Motion and Discovery Deadlines [213] and a Motion to Bifurcation of Trial [214]. Brown asserts that he does not have adequate time to prepare for the September 8, 2008, trial setting. He asks for a sixty-day extension and for the Court to bifurcate the trial as to not prejudice the other Defendants. Since Brown appears to intend to defend his case, this Court will not enter a default judgment against Brown, and therefore, the Report and Recommendation is **DENIED**.

However, Brown does not appear to understand what is remaining in this case. The only issue that remains as to Brown is USF&G's cross-claim against him. As previously stated, USF&G settled with the Plaintiffs as to Plaintiffs' claims against Brown. Therefore, USF&G is seeking the settlement amount (amount of the bond that was paid to the plaintiff), costs, expenses, and attorneys' fees spent in defending Brown's case.

No evidence before the Court exists at this time why Partial Summary Judgment should not be granted on the settlement figure. In other words, Brown owes USF&G that settlement amount that USF&G paid out on the bond, unless he can respond with a valid reason within ten (10) days why he does not owe that money. See Order to Show Cause, August 12, 2008.

Therefore, if the Court grants the partial summary judgment as to the settlement amount (the amount that USF&G paid on the bond), the only issue for trial would be the reasonableness of costs, expenses, and attorneys' fees that USF&G spent in defending Brown. Thus, Brown has ample time to prepare for this one or two day trial with these limited issues. Although the Court does not believe any is necessary, if Brown needs to conduct limited discovery, he may do so before September 8, 2008. However, if the Court grants partial summary judgment as to the

settlement amount, then Brown must know that the only issue at trial is the reasonableness of costs, expenses, and attorneys' fees.  Any other discovery would be outside the scope of the trial.

Thus, the Report and Recommendation [211] is **DENIED**. Cross-Defendant Brown's Motion to Extend Motion and Discovery Deadlines [213] and Cross-Defendant Brown's Motion to Bifurcate Trial [214] are **DENIED**.

So **ORDERED**, this the 13th day of August, 2008.

                                        **/s/ Sharion Aycock**_____
                                        **U.S. DISTRICT COURT JUDGE**