# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**DAVID WASHINGTON SPIKES, et al.**                                        **PLAINTIFFS**

**v.**                                                  **CAUSE NO.: 2:07CV22-SA-SAA**

**BOLIVAR COUNTY, MISSISSIPPI, et al.**                                    **DEFENDANTS**

## ORDER DENYING MOTION TO DISMISS AND MOTIONS IN LIMINE AS MOOT AND GRANTING USF&G'S MOTION FOR SUMMARY JUDGMENT

The cause comes on for consideration on Defendant Adrian Brown's Motion to Dismiss United States Fidelity and Guaranty's cross-claim [234]; United States Fidelity and Guaranty Company's ("USF&G") Motion for Summary Judgment [239], and Defendant Adrian Brown's Motions in Limine to Exclude Document Produced by United States Fidelity and Guaranty Company ("USF&G") [233] and [238]. The Court finds as follows:

Defendant brings the Motion to Dismiss [234] and Motions in Limine [233] and [238] alleging that the bond produced by USF&G is not a valid bond agreement. The Defendant alleges the bond was never executed. The Defendant also calls the documents' authenticity into question.

On September 2, 2008, the Court entered an Order Granting Partial Summary Judgment [232] holding

> [i]t is undisputed that a bonding agreement was signed, and the agreement clearly states that Adrian Brown shall indemnify USF&G for any sums paid out. The bond was clearly executed, signed, and filed by the Chancery Clerk of Bolivar County, Mississippi.

Accordingly, these motions are **DENIED AS MOOT** for the reasons stated in the Court's prior order.

USF&G brings its' Motion for Summary Judgment [239] alleging Adrian Brown's cross-claim is without merit. The Court agrees. In his cross-claim, Brown contends that the bond was

never executed. As the Court stated in its Order on Motion for Partial Summary Judgment above, this is not an accurate statement.  Thus, the Court **GRANTS** USF&G's Motion for Summary Judgment.

The only issues that remain to be determined are whether it was necessary for USF&G to retain separate counsel, and whether USF&G has acted in good faith.  As noted in the Court's prior order, in order for attorney's fees to be recoverable, they must be reasonable, proper, necessary and incurred in good faith and with due diligence.  Jackson v. Hollowell, 685 F.2d 961 (5th. Cir. 1982) (citing USF&G v. Love, 538 S.W.2d. 558, 559 (Ark. 1976)).  The case shall proceed as to the above issues only on March 12, 2008.

A separate re-notice of trial will be sent to the parties.

So **ORDERED**, this the 4th day of December, 2008.

**/s/ Sharion Aycock_____**
**U.S. DISTRICT COURT JUDGE**